**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


B&R Produce Packing Co.,
Inc.; Grant Stanton Produce
Company, Inc.; Gregg Dziama,
Inc.; J. Bonafede Co., Inc.;
S. Strock & Co., Inc.; and
State Garden, Inc.

    v.                                   Civil No. 13-cv-367-JD

A&H Farms, Inc. d/b/a Coll's
Farm, Coll's Farm Sugar House
and Coll's Farm Market & Deli;
Lori Coll a/k/a Lori A. Coll;
and Mark Coll a/k/a Mark R. Coll


## REPORT AND RECOMMENDATION


Plaintiffs have sued in fourteen counts, asserting various
claims arising from defendants' alleged failure to pay for
produce delivered to them by plaintiffs.  Before me for a report
and recommendation is a filing titled "Plaintiffs' Motion for
Attachment on Real Estate Pursuant to F.R.C.P. 64."  Defendants,
who have been defaulted, see doc. nos. 9 & 10, have not objected
or otherwise responded to plaintiffs' motion.  Nevertheless, I
recommend that the motion be denied.

The Federal Rules of Civil Procedure provide that "[a]t the
commencement of and throughout an action, every remedy is
available that, under of the law of the state where the court is

located, provides for seizing a person or property to secure
satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).
In New Hampshire, "[i]n all civil actions . . . a defendant
shall be given notice and an opportunity for a preliminary
hearing before any pre-judgment attachment . . . shall be made."
N.H. Rev. Stat. Ann. ("RSA") § 511-A:1.  The pre-judgment
attachment statute also requires that "the plaintiff shall cause
to be served on the defendant . . . a notice, which shall be
incorporated prominently in the writ or order of notice," RSA
511-A:2, and the statute goes on to describe the language that
must be included in such a notice, see RSA 511-A:2, I-IV.

Rather than incorporating the required notice in the
summonses they served on defendants, plaintiffs have filed the
motion now before the court.  Because their motion, which,
presumably, is intended to serve as the notice of intent
required by RSA 511-A:2, does not include the language described
in that statute, their motion for an attachment should be
denied.

Any objections to this report and recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.
R. Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

2

(1st Cir. 2011), <u>cert.</u> <u>denied</u>, 132 S. Ct. 1045 (2012); <u>Sch.</u>

<u>Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

                           _____
Landya McCafferty
United States Magistrate Judge


November 8, 2013

cc:  Marc W. McDonald, Esq.