UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


B & R Produce
Packing Co., Inc. et al

   v.                          Civil No. 13-cv-367-JD
                                Opinion No. 2014 DNH 030
A & H Farms, Inc. et al.


O R D E R

    B & R Produce Packing Company, Inc., Grant Stanton Produce
Company, Inc., Gregg Dziama, Inc., J. Bonafede Company, Inc., S.
Strock & Company, Inc., and State Garden, Inc., who are all
sellers of produce, brought suit to recover amounts owed to them
by A & H Farms, Inc. d/b/a Coll's Farm, Lori Coll, and Mark Coll.
Default has been entered as to each defendant.  The plaintiffs
moved for default judgment on their claims, and a hearing was
held on January 16, 2014.  The plaintiffs have also filed a
motion for attorneys' fees and accumulated interest.  The
defendants did not respond to either motion or attend the
hearing.


Standard of Review

    After default is entered and when the amount at issue is not
a sum certain, "the party must apply to the court for a default
judgment."  Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs.,
Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).
"Although a defaulting party admits the factual basis of the
claims asserted against it, the defaulting party does not admit

the legal sufficiency of those claims."  10 James Wm. Moore,
Moore's Federal Practice § 55.32[1][b] (3d ed. 2013).  To recover
on a motion for default judgment, "[t]he claimant must state a
legally valid claim for relief."  Id.; see also Ramos-Falcon v.
Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).
Therefore, before entering default judgment, the court must
determine whether the admitted facts state actionable claims.
See Hop Hing Produces Inc. v. X & L Supermarket, Inc., 2013 WL
1232919, at *2 (E.D.N.Y. Mar. 4, 2013); E. Armata, Inc. v. 27
Farmers Market, Inc., 2009 WL 2386074, at *2 (D.N.J. July 31,
2009).


### Discussion

The plaintiffs brought claims for "Goods Sold and
Delivered," breach of contract, violation of the Perishable
Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a. et seq.,
and violation of the Massachusetts Consumer Protection Act,
Massachusetts General Laws Annotated ("M.G.L.A.") ch. 93A,
§ 11.  At the hearing, the plaintiffs provided evidence of the
amounts owed by the defendants, the plaintiffs' compliance with
the requirements of PACA, and evidence pertaining to the claim
under chapter 93A.  After the hearing, the plaintiffs filed a
motion for attorneys' fees and interest.

The plaintiffs focus their arguments in support of default
judgment on their PACA claim, Count XIII, and their claim for

violation of M.G.L.A. ch. 93A, § 11, Count XIV.  The PACA claim
is addressed first.

A.  PACA Claim

     "PACA seeks to protect produce sellers against the
vulnerabilities inherent in financing arrangements frequently
used in the trade of perishable agricultural commodities, by
which produce sellers become unsecured creditors to buyers whose
creditworthiness cannot be verified in a timely manner."  Boston
Tomato & Packaging, LLC v. Bostonia Produce, Inc., 2013 WL
1793858, at *2 (D. Mass. Apr. 8, 2013); see also Hiller Cranberry
Prods., Inc. v. Koplovsky, 165 F.3d 1, 6 (1st Cir. 1999).  PACA
requires that PACA licensed produce dealers promptly pay for
produce purchased.  § 499(b)(4).  If a licensed PACA produce
dealer violates any provision of § 499(b), "he shall be liable to
the person or persons injured thereby for the full amount of
damages . . . sustained in consequence of such violation."
§ 499e(a).

     When a produce supplier provides notice to the buyer that
the produce is being sold subject to the PACA trust, PACA imposes
a floating trust for the benefit of unpaid suppliers on
purchasers' receivables and proceeds from the sale of
commodities.  § 499e(b) & (c)(2); Boston Tomato, 2013 WL 1793858,
at *2.  In addition, individuals who are "responsibly connected"
to the produce buyer are personally liable for using PACA trust
assets for a purpose other than to pay the seller.  Hiller

3

Cranberry, 165 F.3d at 8-9; Hop Hing Produces, 2013 WL 1232919, at *3.  Provisions for interest and attorneys' fees that are part of the sales invoices are enforceable under PACA as "'sums owing in connection with' perishable commodities transactions under PACA."  Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 709 (2d Cir. 2007) (quoting § 499e(c)(2)); Northeast Treading, Inc. v. Ven-Co Produce, Inc., 2011 WL 444511, at *5-*6 (S.D.N.Y. Sept. 26, 2011).

In this case, the plaintiffs have shown that they are all licensed under PACA.  With the exception of some of the sales by B & R Produce, the plaintiffs provided notice to the defendants that their sales were subject to the PACA trust requirements.  They have also shown that Mark Coll and Lori Coll are responsibly connected to A & H Farms and Coll Farm and that they have dissipated PACA trust assets, making Mark and Lori Coll personally liable for the amounts due to the plaintiffs.  The plaintiffs have shown the amounts due on their unpaid invoices to the defendants.  Therefore, the plaintiffs have actionable claims under PACA against the defendants and are entitled to payment of the amounts owed.  See Midwest Marketing Co., Inc. v. Quality Produce Suppliers, Inc., --- F. Supp. 2d ---, 2013 WL 6691213, at *4 (N.D. Ill. Dec. 19, 2013).

Many but not all of the plaintiffs' invoices provided for payment of attorneys' fees and for interest.  Attorneys fees will be awarded to the extent provided in the invoices.  Similarly, interest will be included to the extent provided in the invoices.

B.  Contract Claims

    The plaintiffs brought claims for breach of contract and for "Goods Sold and Delivered" in Counts I through XII.  They represent that those claims are their contractual claims, without distinguishing among the claims as to causes of action or among the defendants as to liability under the contracts.

    The gist of the contractual claims is that the plaintiffs had contracts with A & H Farms or Coll Farm, represented by invoices, for the sale of produce.  A & H Farms or Coll Farm breached the contracts by failing to pay for the produce that was ordered and delivered.  Therefore, the plaintiffs contend, they are entitled to the amounts owed, as shown by the invoices, with interest at either the rate shown on the invoices or the statutory rate, and in some cases for attorneys' fees.

    The plaintiffs state breach of contract claims.[1]  See Wilcox Indus. Corp. v. Hansen, 870 F. Supp. 2d 296, 311 (D.N.H. 2012) ("In order to state a breach of contract claim under New Hampshire law, [the plaintiff] must allege sufficient facts to show (1) that a valid, binding contract existed between the

------------------------------------------------------------

    [1]The plaintiffs do not provide a legal standard for their contract claims or address what law should apply.  Although the plaintiffs relied on the Massachusetts Consumer Protection Act, they do not argue that Massachusetts law should apply to their contract claims.  Therefore, the court will apply the law of the forum, New Hampshire.  See Guy v. Starwood Hotels & Resorts Worldwide, Inc., 2005 WL 2172034, at *2 n.4 (D.N.H. Sept. 7, 2005).

parties, and (2) that [the defendant] breached the terms of the contract."). The plaintiffs that have provisions for attorneys fees and interest in their invoices will be awarded those amounts. The award of damages for the PACA claims fully compensates the plaintiffs for their losses that are subject to PACA. Because not all of B & R Produce's invoices were subject to PACA, however, B & R Produce is entitled to damages on its contract claims for failure to pay the non-PACA invoices.

C. <u>Violation of Chapter 93A</u>

"Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice declared unlawful by section two or by any rule or regulation issued under paragraph (c) of section two" may bring an action for damages. M.G.L.A 93A, § 11. Unfair or deceptive practices for purposes of chapter 93A are those that fall "within the penumbra of some common-law, statutory, or other established concept of unfairness; [are] immoral, unethical, oppressive, or unscrupulous; and cause[] substantial injury to other businessmen." <u>Juarez v. Select Portfolio Servicing, Inc.</u>, 708 F.3d 269, 280 (1st Cir. 2013) (internal quotation marks omitted). Section 93A applies to deceptive acts or practices which occur

primarily and substantially in Massachusetts.[2]  M.G.L.A. ch. 93A,
§ 11.

Failure to pay invoices ordinarily does not constitute a
violation of Chapter 93A.  Id.  On the other hand, one who buys
goods when he intends not to pay or knows that he cannot pay
commits an unfair or deceptive practice within the meaning of
Chapter 93A.  Bostonia Produce, Inc. v. Sirois, 2011 WL 3328791,
at *2 (D.N.H. July 11, 2011); but see Johnson v. Koplovsky Foods,
Inc., 5 F. Supp. 2d 48, 55 (D. Mass. 1998) (noting that breach of
contract alone does not violate Chapter 93A and noting the
difficulty of proving the buyer's intent at the time of
purchase).  Further, if the defendant's "use or employment of the
method of competition or the act or practice was a willful or
knowing violation of [] section two [of Chapter 93A]," the court
will award double or treble damages and attorneys' fees.
M.G.L.A. ch. 93A, § 11.  A breach of contract, in violation of
Chapter 93A, must be particularly egregious to support multiple
damages.  Ocean Spray Cranberries, Inc. v. PepsiCo, Inc., 160
F.3d 58, 62 n.3 (1st Cir. 1998).

The plaintiffs alleged and testified at the hearing that
Mark and Lori Coll, on behalf of A & H Farms and Coll's Farm,
bought produce from the plaintiffs when the Colls knew or had

_____

[2]The burden is on the defendants to show that Chapter 93A
does not apply.  § 11.  The plaintiffs are all Massachusetts
companies, and their communications with the defendants were made
from Massachusetts, which supports application of Chapter 93A
here.

reason to know that they would not be able to pay and intended
not to make timely payment for the produce.  They also allege
that Lori and Mark Coll dissipated the PACA trust assets so that
there were insufficient trust assets to pay the plaintiffs, which
conduct, they contend, violated Chapter 93A.  In addition, the
plaintiffs ask for multiple damages and attorneys' fees for
willful or knowing conduct.

The plaintiffs have alleged and testified to actions by the
Colls that violated Chapter 93A.  Taking the plaintiffs'
allegations and testimony as true for purposes of a default
judgment, the Colls ordered produce when they knew or they should
have known that they would not be able to pay for the produce
that was supplied to them.  That conduct violates Chapter 93A.

However, to be entitled to multiple damages under Chapter
93A, the plaintiffs must make an additional showing that the
Colls willfully or knowingly violated the statute.  The Colls'
actions in ordering but not paying for produce occurred over a
period of only a few months.  As described by the plaintiffs,
those events suggest that the Colls were caught in a failing
business and that their actions were the result of that
situation.  Based on the evidence presented, the court cannot
conclude that the Colls' actions were a willful or knowing
violation of Chapter 93A.  Therefore, the plaintiffs are entitled
to the amounts owed by the Colls but not to multiple damages
under Chapter 93A.

D.   Damages

     The plaintiffs have proved their claims as explained above.
A & H Farms and Coll's Farm are liable for the damages awarded on
all claims.   Mark and Lori Coll are individually liable for
damages under the PACA claims and Chapter 93A claims, but not
under the contract claims.   Except for B & R Produce, the
plaintiffs' damages awarded under the PACA and Chapter 93A claims
are the same and are awarded against all of the defendants.   B &
R Produce is awarded damages under Chapter 93A against all of the
defendants.[3]   Each plaintiff is awarded the following damages,
with interest where provided in the invoices through January 24,
2014:


B & R Produce Packing Co., Inc.
          Invoice amount      $ 1,112.00

---

     [3]Because B & R Produce included PACA notices on invoices for
only $109.57, that amount is recoverable under PACA but not the
remainder of the amount owed.   The total invoice amount is
recoverable under the contract claims, but only against A & H
Farms.   The total amount due is recoverable under the Chapter 93A
claim against all of the defendants.   Because the total amount is
recoverable under Chapter 93A against all of the defendants, B &
R Produce is awarded damages under the Chapter 93A claim.

Grant Stanton Produce Company, Inc.

Company, Inc.

|  | |
|---|---|
| Invoice amount | $ 2,213.55 |
| Interest | $ 488.45 |

Gregg Dziama, Inc.

|  | |
|---|---|
| Invoice amount | $ 5,294.02 |
| Interest | $ 1,147.20 |

J. Bonafede Co., Inc.

|  | |
|---|---|
| Invoice amount | $ 8,735.00 |

S. Strock & Co., Inc.

|  | |
|---|---|
| Invoice amount | $ 3,194.25 |
| Interest | $ 953.50 |

State Garden, Inc.

|  | |
|---|---|
| Invoice amount | $ 1,867.75 |
| Interest | $ 386.01 |

E.  Attorneys' Fees and Expenses

Under M.G.L.A. Chapter 93A, § 11, the plaintiffs are entitled to an award of their attorneys' fees and costs.  In addition, the invoices provided by four of the plaintiffs required payment of attorneys' fees if timely payment was not made.  The invoices used by State Garden, Inc. included a

provision that the customer agreed to pay "all costs of collection, including attorneys fees."  Therefore, the plaintiffs are entitled to attorneys' fees and costs incurred in this action.

The plaintiffs were represented by Andrew M. Osborne and Marc W. McDonald.  Osborne practices with the firm of Osborne and Fonte in Dedham, Massachusetts.  In his affidavit, Osborne states that he represents these plaintiffs and other clients in the produce industry and that he has particular expertise in matters involving PACA.  McDonald practices in New Hampshire.

Counsel have provided affidavits to support the motion for an award of attorneys' fees and expenses.[4]  Osborne charged an hourly rate of $375 and spent 18.3 hours on the case.  Osborne also charged for mileage and tolls to attend the hearing on the motion for a default judgment.  McDonald charged an hourly rate of $250 and spent four hours on the case, including an hour traveling to and from the hearing.  McDonald also incurred expenses for the filing fee, sheriff's fee for service, copies, postage, and mileage for a total of $527.56.

Ordinarily, the court uses the lodestar method to determine reasonable attorneys' fees.  Hensley v. Eckerhart, 461 U.S. 414, 433 (1983).  Under the lodestar method, a reasonable fee is

_____

[4]Osborne also provided supporting contemporaneous billing records.  McDonald represented that because he was engaged on a contingent fee basis he did not keep contemporaneous records but did provide a reconstruction of the time spent.

11

calculated first by multiplying the number of hours productively spent on the case by a reasonable hourly rate and then may be adjusted based on a variety of factors.  Joyce v. Town of Dennis, 720 F.3d 12, 26-27 (1st Cir. 2013).

In this case, counsel's affidavits support their hourly rates and for the most part show time productively spent on the case.  Osborne's billing records support his request for fees in the amount of $6,862.50 and expenses of $98.77.  McDonald's reconstruction of the time he spent on the case supports his request for fees except that he is seeking his full hourly rate for the time he spent traveling to and from the courthouse for the hearing.  That time should be assessed at a reduced rate.  See Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 15 (1st Cir. 2011).  Therefore, McDonald's request for fees is reduced to $1,100.00, and the expenses claimed, $527.56, are approved.  No reasons are apparent to further adjust the award.

## Conclusion

For the foregoing reasons, the plaintiffs' motion for default judgment (document no. 17) and motion for attorneys' fees (document no. 21) are granted as follows:

The defendants are liable for damages to each plaintiff as specified below:

12

B & R Produce Packing Co., Inc.          $ 1,112.00


Grant Stanton Produce Company, Inc.

Company, Inc.                            $ 2,702.00


Gregg Dziama, Inc.                       $ 6,441.22


J. Bonafede Co., Inc.                    $ 8,735.00


S. Strock & Co., Inc.                    $ 4,147.75


State Garden, Inc.                       $ 2.253.76


The defendants are also liable for attorneys' fees of
$7,962.50 and other expenses of $626.33.


The clerk of court shall enter judgment accordingly and
close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

February 11, 2014

cc: Mark W. McDonald, Esq.

13