UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

B&R Produce
Packing Co., Inc. et al.

    v.                                   Civil No. 13-cv-367-JD
                                        Opinion No. 2014 DNH 116
A & H Farms, Inc. et al.

O R D E R

B & R Produce Packing Company, Inc., Grant Stanton Produce Company, Inc., Gregg Dziama, Inc., J. Bonafede Company, Inc., S. Strock & Company, Inc., and State Garden, Inc., who are all sellers of produce, brought suit to recover amounts owed to them by A & H Farms, Inc. d/b/a Coll's Farm, Lori Coll, and Mark Coll. Following a hearing, default judgment was entered on February 12, 2014, against the defendants on the plaintiffs' claims. The defendants now move to strike the default judgment and to reopen the case. The plaintiffs object.

Background

A & H Farms, Inc. did business as Coll's Farm and Coll's Farm Sugar House in Jaffrey, New Hampshire. Mark and Lori Coll were principals of A & H Farms and operated Coll's Farm and ordered produce from the plaintiffs for Coll's Farm. In 2012, the Colls ordered produce from the plaintiffs but did not pay for the produce supplied to them.

The plaintiffs brought suit on August 14, 2013, alleging claims for "Goods Sold and Delivered," breach of contract,

violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a. et seq., and violation of the Massachusetts Consumer Protection Act, Massachusetts General Laws Annotated ("M.G.L.A.") ch. 93A, § 11.  Mark and Lori Coll and A & H Farms were properly served.  When the defendants failed to respond within the time allowed under Federal Rule of Civil Procedure 12, default was entered against Mark and Lori Coll on October 17, 2013, and against A & H Farms on October 28, 2013.  Notice of the entry of default was sent to the defendants.

The plaintiffs moved for default judgment on December 16, 2013.  A hearing was scheduled on the motion for January 16, 2014, and notice of the hearing was sent by mail to the defendants at their last known address.  The notices were returned because no mail receptacle was found at that address.

The hearing was held on January 16, 2014, as scheduled.  The defendants did not attend.  The plaintiffs testified and presented documentary evidence to support their claims and the damages they sought.  The court granted the motion for default judgment in favor of the plaintiffs on February 11, 2014, and default judgment was entered on February 12, 2014.

On February 18, 2014, the clerk's office received a letter from Mark Coll, dated February 15, 2014, in which he stated that he and his wife, Lori Coll, were unaware of the hearing held on January 16, 2014.  He further stated that the bank had foreclosed on Coll's Farm and taken the Farm's remaining assets and that "A & H Farms which was also a corporation [was] put into resolution

effective December 31, 2013."  He also represented that he and Lori understood that they were not personally liable for the debts of A & H Farms.

In response, the Chief Deputy Clerk explained that to the extent Mark Coll was seeking relief from the court, he would have to file a petition or motion seeking that relief and that his letter would not be presented to a judge for ruling.  The Chief Deputy Clerk enclosed a copy of the default judgment order.

On March 11, 2014, Lori Coll filed a motion to vacate the default judgment, purporting to represent both herself and Mark Coll.  The court issued a procedural order on March 18, 2014, explaining that to participate in the case, Lori Coll would have to have an attorney enter an appearance on her behalf or file an appearance pro se and that she could not represent Mark Coll or A & H Farms.  The court further explained that if Mark Coll intended to participate in the case he would have to have an attorney file an appearance on his behalf or file an appearance pro se.  Because A & H Farms could not participate pro se, an attorney would have to file an appearance on its behalf.

Peter S. Wright, Jr., Esq. filed an appearance on behalf of A & H Farms and Lori and Mark Coll on April 4, 2014.  Wright filed a motion to strike the default judgment the same day.

## Standard of Review

The court may set aside a default judgment as provided by Federal Rule of Civil Procedure 60(b).  Fed. R. Civ. P. 55(c).

Under Rule 60(b), the court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" "the judgment is void;" "the judgment has been satisfied, released or discharged;" or "any other reason that justifies relief."

For purposes of a motion to set aside a default judgment, in this circuit, the court must also "balanc[e] the importance of finality in litigation against the desirability of deciding cases on the merits." Ungar v. Palestine Liberation Org., 599 F.3d 79, 83 (1st Cir. 2010). "A variety of factors can help an inquiring court to strike the requisite balance," including "the timing of the request for relief, the extent of any prejudice to the opposing party, the existence or non-existence of meritorious claims [or] defenses, and the presence or absence of exceptional circumstances." Id. The extraordinary remedy of vacating a default judgment must be justified based on an appraisal of all of the circumstances. Id. at 84. In the circumstance of willful default, the defaulting party must show exceptional circumstances that would warrant relief from judgment. Id. at 85-87.

## Discussion

In support of their motion to vacate the default judgment, the defendants state, supported by their affidavit, that they defaulted in this case because they lacked funds to hire an

4

attorney and believed that they were not personally liable for the claims against A & H Farms.  They also believed that they were judgment proof.  They did not seek legal advice until the plaintiffs sought an attachment on the Colls' home.  The defendants contend that they have meritorious defenses to the PACA claim because A & H Farms' purchases in 2012 were below the threshold amount that would require a PACA license and because their suppliers regularly extended the payment term beyond ten days.

   The plaintiffs assert in their objection that the defendants' default was not the result of mistake, inadvertence, surprise, or excusable neglect because they chose to default.  The plaintiffs also note that the complaint put the defendants on notice that the Colls could be found personally liable for the PACA and Chapter 93A claims asserted in this case.  They assert that they would be prejudiced by setting aside the judgment because of the additional litigation expenses they would incur and because of the delay in receiving payment.

   With respect to the defendants' defenses, the plaintiffs note that the defendants failed to address the Chapter 93A claim.  Therefore, even if the defendants had a meritorious defense to the PACA claim, they would be liable for the damages assessed under the Chapter 93A claim, as found in the default judgment.

   In addition, the plaintiffs dispute the merits of the defendants' asserted defenses to the PACA claim.  The plaintiffs correctly note that the defendants did not provide sufficient

evidence to show that A & H Farms was not required to have a PACA license in 2012 based on the volume of its purchases. See 7 U.S.C. § 499c(a); 7 U.S.C. § 499a(b)(6); 7 C.F.R. § 46.3; <u>Lerman v. Rock City Bar & Grille, Inc.</u>, 2010 WL 319725, at *4 (N.D. Ohio Jan. 20, 2010).

Further, and more importantly, although the defendants deny that A & H Farms had a PACA license, the plaintiffs provided evidence from the United States Department of Agriculture that A & H Farms held an active PACA license that was first issued in 1999 and had an anniversary date of October 26, 2014.  The principals of A & H Farms are listed as Mark and Lori Coll.  The defendants have not responded to the plaintiffs' evidence of the PACA license.  Therefore, the record establishes that A & H Farms had a PACA license during the time when the defendants ordered produce from the plaintiffs and failed to pay for the produce supplied.

The defendants also assert that PACA does not apply because "their suppliers frequently extended the time of payment well beyond the 10 days required in the act and regulations."  Under PACA, ten days is the default time for payment.  7 C.F.R. § 46.2(aa)(5).  If parties choose to change the time for payment, the agreed terms must be in writing to be enforceable under PACA. 7 C.F.R. § 46.2(aa)(11).  The maximum agreed written term for payment is thirty days, 7 C.F.R. § 46.46(e)(2), and a term longer than thirty days will nullify rights to the PACA trust, <u>Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.</u>, 307 F.3d 666, 669

(7th Cir. 2002); <u>Hiller Cranberry Prods., Inc. v. Koplovsky</u>, 165 F.3d 1, 5 (1st Cir. 1999). Any term for payment that is not written does not affect the PACA trust. <u>Patterson</u>, 307 F.3d at 669; <u>Idahoan Fresh v. Advantage Produce, Inc.</u>, 157 F.3d 197, 204 (3d Cir. 1998).

In this case, the plaintiffs did not agree in writing to any payment period longer than thirty days. Whether the plaintiffs or other suppliers orally agreed to allow longer periods does not affect the plaintiffs' rights to the PACA trust in this case. Therefore, the defendants have not shown a meritorious defense to the PACA claim based on an extension of the payment period.

## <u>Conclusion</u>

For the foregoing reasons, the defendants' motions to strike the default judgment (documents nos. 28 and 33) are denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 27, 2014

cc: Marc W. McDonald, Esq.
Peter S. Wright, Jr., Esq.